JOHN FLIEDNER, Appellant, v. AMERICAN MANUFACTURING COMPANY, Respondent.— Order, in so far as it vacates certain items of the notice of examination reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to vacate notice denied, with ten dollars costs. Examination to proceed on five days' notice at the place and hour stated in the notice of examination. The matters stricken out by the order are matters concerning which the plaintiff is entitled to an examination. Lazansky, P. J., Young, Scudder and Tompkins, JJ., concur; Hagarty, J., not voting.

In the Matter of the Judicial Settlement of the Account of FULTON TRUST COMPANY OF NEW YORK, as Trustee for the Benefit of ELIZABETH C. McCORMACK and Remaindermen under the Last Will and Testament of FREDERICK H. CLARK, Late of the City of Yonkers, Deceased. FULTON TRUST COMPANY OF NEW YORK, as Trustee, etc., Appellant, Respondent. ELIZABETH C. McCORMACK, Beneficiary, JEANNETTE C. QUENCER and FANNIE D. CLARK, Remaindermen, Respondents, Appellants. GUARANTY TRUST COMPANY OF NEW YORK, as General Guardian of the Property of ELIZABETH McLEOD ROSS, Infant, etc., and WILLIAM J. WALLIN, as Special Guardian of MARION McCORMACK, and Others, Infants, etc., Respondents.— Decree of the Surrogate's Court of Westchester county unanimously affirmed, with costs to the respondents payable out of the trust funds. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ. [136 Misc. 881.]

In the Matter of the Application of JOHN J. OVERMEYER and EMMA C. OVERMEYER, Petitioners, for a Certiorari Order against WALTER G. HAMILTON, Treasurer of the County of Rockland, Respondent. GEORGE ANDERSON and MATILDA ANDERSON, Intervenors, Respondents.— Determination of the county treasurer of Rockland county denying relators' [petitioners'] application to set aside cancellation of tax sale made by him on January 17, 1928, annulled, with fifty dollars costs and disbursements, certiorari proceeding sustained, and petition granted. The county treasurer had no authority to cancel this tax sale upon the petition made by a person not the owner of the property in question at the time of the tax sale. (See Tax Law, §§ 140* and 158†.) Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ., concur.

---

* Amd. by Laws of 1921, chap. 643.— [REP.

† Since amd. by Laws of 1928, chap. 845.— [REP.